**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**ROBERT WILLIAM GOTTS**,

                Plaintiff,

v.

**NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY**,

                Defendant.

**DECISION AND ORDER**
1:17-CV-00642-RJA

---

## INTRODUCTION

Plaintiff Robert W. Gotts ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Disability Insurance Benefits under Title II of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 11 and 12). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **DENIES** the Plaintiff's motion and **GRANTS** the Commissioner's motion.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff argues that the ALJ erred in not giving controlling weight to Plaintiff's treating physicians, and relatedly, erred in failing to properly consider the Veterans Affairs' (VA) opinion that Plaintiff was 100 percent disabled; failed to consider the combined effect of his severe impairments; failed to properly assess

Plaintiff's work history and credibility. The Court finds that the ALJ did not err in his application of the law and his decision is based on substantial evidence.

The ALJ found that Plaintiff, a 32-year-old Iraq veteran and National Guardsman, had the severe impairments of irritable bowel syndrome (IBS); traumatic brain injury with migraine headaches; sleep apnea; adjustment disorder and post-traumatic stress disorder (PTSD). (Tr. 14). The ALJ found that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), with the following limitations:

> [E]xcept [the Plaintiff can] lift and carry 50 pounds occasionally, 25 pounds frequently; sit for up to 6 hours in an 8-hour day; stand and walk for up to 6 hours in an 8-hour day; no exposure to hazards such as unprotected heights or moving machinery; no exposure to more than a loud noise environment (as the term "loud" is defined by the Selected Characteristics of Occupations (SCO)); no direct exposure to bright lights; limited to simple routine tasks, which can be learned after short demonstration or within 30 days; occasional interaction with the public and the claimant would have the ability to take unscheduled breaks to use the bathroom, resulting in being off-task up to 5% of the workday in addition to regularly scheduled breaks.

(Tr. 17).

Plaintiff first argues that the ALJ should have given more weight to his treating physicians from the Veterans Affairs Medical Center by virtue of their affiliation with the VA and because of their treatment relationship with Plaintiff. (Dkt. 11 at 9-11). Plaintiff also argues that the VA physicians' opinion that he is 100 percent disabled should have been given more weight.

The ALJ gave some weight to Plaintiff's two physicians from the VA: Dr. Descutner and Dr. Tzetzo. (Tr. 23-24). The ALJ reasoned that he only gave "some" weight because they offered opinions assessing Plaintiff's disability and are based on the VA ratings of disability, not the Social Security disability benefits regulations. (Tr. 23). Dr. Descutner found Plaintiff had adjustment disorder and found that his memory problems and headaches were caused by his traumatic brain injury residuals (*id*); though Dr. Tzetzo opined that Plaintiff had only a mild memory impairment and mild limitations in the ability

to keep attention, concentration, or executive functions. *Id.* Plaintiff argues that Dr. Tzetzo also completes assessments for the Social Security Administration and is familiar with the pertinent regulations; however, the Court will not infer that Dr. Tzetzo, in completing an assessment for the VA, was opining within the constructs of the Social Security disability regulations. Despite the different standard, the ALJ did afford some weight to the VA physicians because they still "identif[ied] serious impairments and suggest[ed] the level of severity" of those impairments. *Id.* Additionally, the ALJ notes that he did incorporate a limitation for mental ability and limitations regarding light and sound to account for Plaintiff's migraines.

Plaintiff also argues the ALJ should have considered the VA's specific opinion that he was 100 percent disabled. (Dkt. 11 at 14-15). While the ALJ did discuss the VA's 100 percent disability determination, the ALJ also noted, as the Court noted above, that the disability standard for the VA is different from that for Social Security. (Tr. 23). In fact, the VA's standards for disability are "less stringent" than the one employed by the ALJ. *See Williams v. Colvin*, No. CV 414-043, 2016 WL 6133845, at *8 n.3 (S.D. Ga. Oct. 20, 2016) (*comparing* 38 C.F.R. § 4.1 *et seq. with* 20 C.F.R. § 404.1 *et seq.*). Due to the difference in standards, the Commissioner is not bound by another agency's disability determination, and the issue of disability for Social Security benefits under the Act is ultimately reserved for the ALJ. *See Lohans v. Astrue*, 510 Fed.App'x. 13, 14-15 (W.D.N.Y. Jan. 31, 2013). However, the ALJ nonetheless properly gave the VA physicians some weight, thereby acknowledging the validity of their opinions on Plaintiff's limitations by incorporating them into the RFC. (Tr. 23); *see Collins v. Berryhill*, No. 16-CV-6673 (PKC), 2018 WL 259282, at *8 (E.D.N.Y. Jan. 2, 2018) (the district court must consider the VA's disability determination and failing to consider such evidence is "in contravention of Second Circuit precedent.").

Plaintiff next argues that the ALJ failed to consider the combined effect of all of Plaintiff's impairments when formulating the RFC. (Dkt. 11 at 14). Specifically, Plaintiff argues that the ALJ did not adequately address Plaintiff's IBS and the fact that the Vocational Expert testified that Plaintiff would be unemployable should he be off task ten percent of the time due to bathroom urges. (Dkt. 11 at 12). The Court disagrees. It is

evident the ALJ properly considered all of Plaintiff's severe and non-severe impairments, individually and combined, to conclude that he still had the ability to perform medium level work with the aforementioned restrictions. (Tr. 15).

First, the ALJ did include a limitation to account for Plaintiff's IBS symptoms by including a limitation in the RFC that he would be off-task up to five percent per work day due to unscheduled bathroom breaks, in addition to regular breaks. (Tr. 17). Additionally, Plaintiff did not testify that IBS is one of his most severe impairments when asked by the ALJ during his hearing. (Tr. 37). When asked, Plaintiff only stated adjustment disorder, traumatic brain injury, and migraines. *Id*. This apparent omission tends to show that Plaintiff's IBS symptoms are not as severe as he alleges in his application. Additionally, during the period of disability, Plaintiff was employed as a truckdriver. (Tr. 40). Presumably, this job would not allow for Plaintiff to use the bathroom at the frequency and duration he alleges he needs. Plaintiff also told various doctors that he traveled to Missouri via motorcycle on one occasion and drove his bike approximately 25 miles from his residence in Middleport, New York to a doctor's office in Batavia, New York. Plaintiff also trained in the National Guard and did repair work on his home. *See* (Tr. 22, 351, 446-455); *see also* 20 C.F.R. § 416.929(c)(3)(i) (indicating that the ALJ may consider activities of daily living to help assess the intensity and persistence of symptoms).

Plaintiff also argues that he has an "excellent" work history, and this should reinforce Plaintiff's contention that he truly cannot work "because a claimant with an established history of employment is unlikely to be feigning disability." (Dkt. 11 at 13) (citing to *MacMillen v. Colvin*, No. 14-CV-311S, 2015 WL 3823771, at *5 (W.D.N.Y. June 19, 2015). While this might certainly be the case, the ALJ is still required to make a determination based on *all* the evidence in the record. *See Ortiz v. Colvin*, 298 F.Supp.3d 581, 587 (W.D.N.Y. 2018) (citing *Matta v. Astrue*, 508 Fed.App'x. 53, 56 (2d Cir. 2013) (summary order). Additionally, the ALJ is also not required to discuss all the factors related to credibility. *See Cichocki v. Astrue*, 534 F.App'x 71, 76 (2d Cir. 2013). Here, the ALJ clearly acknowledged Plaintiff's 15-year work history; however, taking all the evidence into account, the ALJ permissibly concluded that other factors weighed against

a finding of disability. (Tr. 23); see 42 U.S.C. § 405(g) ("The findings of [the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive.").

## CONCLUSION

For the reasons discussed above, the Commissioner's motion for judgment on the pleadings (Dkt. 12) is granted. Plaintiff's motion for judgment on the pleadings (Dkt. 11) is denied. The Clerk is directed to close this matter.

**IT IS SO ORDERED.**

                                         *s/Richard J. Arcara*
                                         **HONORABLE RICHARD J. ARCARA**
                                         **UNITED STATES DISTRICT COURT**

**Dated:** June 10, 2019